# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:17-cr-00052-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ERIC JOSEPH GAINES, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion to Receive Jail Credits While in Federal Custody" [Doc. 30].

On April 4, 2017, the Defendant was charged in a Bill of Indictment with one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Doc. 1]. On April 6, 2017, a writ of habeas corpus ad prosequendum was issued to the Buncombe County Jail to deliver the Defendant to this Court for an initial appearance. On April 17, 2017, the Defendant made his initial appearance. On April 21, 2017, the Defendant was arraigned, at which time the Defendant waived his right to a detention hearing. Thereafter, the Defendant was returned to state custody.

The Defendant entered a guilty plea to the § 922(g)(1) offense on June 9, 2017. A Presentence Report (PSR) was prepared in anticipation of sentencing. The PSR noted that there were a number of state charges pending against the Defendant in both Buncombe County and McDowell County, none of which appear to be related to the instant federal offense. [See Doc. 23 at 13-15 ¶¶ 48-54]. The Defendant was sentenced by this Court on November 2, 2017 to a term of 46 months' imprisonment. [Doc. 26].

In his present motion, the Defendant requests that the Court give him sentencing credit for the time he spent in state custody between the date of the Indictment (April 4, 2017) and the date his federal sentence was imposed (November 2, 2017). The Defendant attaches a letter from the Bureau of Prisons (BOP), which he claims states that the Court *must* credit him for this time. [Doc. 30 at 1]. In fact, the attached letter, which is dated May 9, 2019, is directed to the Defendant and advises him that the BOP considers his request for sentencing credit as a request for a retroactive designation of his federal sentence as concurrent to any later-imposed state sentence. [See Doc. 30 at 3]. The letter further states that the BOP will contact this Court for its position regarding such retroactive designation. [Id.]. To date, the Court has not received any such letter from the BOP.

To the extent that the Defendant seeks relief in the form of sentencing credit, his motion is denied. The Attorney General, not the sentencing court, is responsible for computing a prisoner's credit. United States v. Wilson, 503 U.S. 329, 335 (1992). A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the Bureau of Prisoners. Only after such administrative remedies have been exhausted can a prisoner then seek judicial review of his sentence computation. Id. Because "[a] claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a). Accordingly, the Defendant should address his inquiry regarding the status of his sentence to the Bureau of Prisons. Once the BOP administrative remedies have been exhausted, he may seek judicial review in the district of his confinement.

To the extent that the Defendant's motion could be construed as seeking a recommendation as to whether his federal sentence should run concurrently to his later-imposed state sentence, that request is also denied. The Defendant's PSR indicates that at the time of his federal sentencing, he

3

had a number of separate state criminal actions pending, none of which appears to relate to the conduct underlying his federal charge. Accordingly, it was the Court's intention for his federal sentence to run consecutively to any state sentence that was subsequently imposed. It was simply by oversight that this was not included in the Judgment.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Receive Jail Credits While in Federal Custody" [Doc. 30] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 25, 2019

Martin Reidinger
United States District Judge